

JUDGE SWAIN

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
DEBORAH S. CARLONE,

                Plaintiff,

                - against -

THE LION & THE BULL FILMS, INC., ARIEL
LUNA and VLADIMIR FLENER,

                Defendants.
----------------------------------------X

10 Civ 6275

**COMPLAINT**

Plaintiff Demands
Trial by Jury

RECEIVED
AUG 20 2010
U.S.D.C. S.D. N.Y.
CASHIERS

Plaintiff Deborah S. Carlone, by her attorneys, Caplan & Ross, LLP, for her Complaint against Defendants, allege as follows:

## NATURE OF THE ACTION

1.      This is a breach of contract and fraudulent inducement action arising from Defendants' contractual breaches of a loan agreement and false representations made to Plaintiff in order to induce her into entering into the agreement at issue.

## JURISDICTION AND VENUE

2.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332(a) in that there is complete diversity of citizenship between the parties and the amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000.

3.      Venue lies in the district pursuant to 28 U.S.C. §1391(a), as Defendants are subject to the personal jurisdiction of this Court pursuant to a written agreement in which the parties consent and submit to the jurisdiction of this Court.

## PARTIES

4.  Plaintiff Deborah S. Carlone is a citizen and resident of the State of Florida.

5.  Defendant The Lion & The Bull Films, Inc. ("L&B") is a corporation organized and existing under the laws of the State of New York, with its principal offices for the conduct of its business located in the Bronx, New York.

6.  Defendant Ariel Luna ("Luna") is a citizen and resident of the State of New York.

7.  Defendant Vladimir Flener ("Flener") is a citizen and resident of the State of California.

8.  Upon information and belief, Luna is the president and chairman of L&B, and is a shareholder of L&B.

9.  Upon information and belief, at all times relevant herein, Luna directed, controlled and supervised the activities of L&B, and directed and caused the acts and omissions of L&B complained of herein.

## BACKGROUND

10. Unbeknownst to Plaintiff, on or about October 5, 2009, L&B entered into a written agreement with Indie Film Exchange Holdings, Inc. ("Indie") related to the purported financing of a motion picture entitled "179th Street" (the "Financing Agreement").

11. Among other things, the Financing Agreement:

   a.  Required L&B to deposit $115,000.00 into a designated "Production Account" to be used for the sole purpose of fees related to the acquisition of a $20,000,000.00 "Standby Letter of Credit," to be issued to Indie;

  b. Required Indie to deposit $15,000,000.00 (the "Film Fund") into a designated Production account in several payments commencing 45 days after an initial $225,000.00 was deposited into a Production Account;

  c. Required any disbursements from the production account to be pre-approved by both parties in accordance with a cash flow schedule; and,

  d. Required a "Single Purpose Entity" to be formed to manage the disbursement of funds from the production account.

12. On or about November 8, 2009, Luna contacted Plaintiff and stated to her that: (i) his company, L&B, was producing a film and needed a short term "bridge loan" of $115,000.00 to fund production of his film until the major financing for the film could be secured; and (ii) in return for loaning his company $115,000, Plaintiff would receive $300,000 in thirty days (the "Misrepresentations").

13. In reliance upon the Misrepresentations, on or around November 11, 2009, Plaintiff entered into a written agreement with L&B and Flener dated November 11, 2009 (the "Loan Agreement"). A copy of the Loan Agreement is annexed hereto as Exhibit 1.

14. Prior to executing the Loan Agreement, Plaintiff was not aware of the terms of the Financing Agreement between L&B and Indie.

15. Pursuant to ¶ 1 of the Loan Agreement, Plaintiff agreed to deposit $115,000.00 (the "Loan Amount") into an escrow account.

16. Pursuant to ¶ 2 of the Loan Agreement, Flener agreed to secure and collateralize the Loan Amount with his 401K account with Universal Music Group.

17. Pursuant to ¶ 3 of the Loan Agreement, L&B agreed to repay to Plaintiff the Loan Amount, plus an additional amount of $185,000.00, for a total of $300,000.00 thirty days after L&B's receipt of the Loan Amount (the "Loan Repayment").

18. In addition, pursuant to ¶ 4 of the Loan Agreement, L&B agreed to account to and pay Plaintiff one (1%) percent of the net United States box receipts of the subject motion picture within thirty (30) days following the end of each semi-annual calendar period.

19. Pursuant to ¶ 6 of the Loan Agreement, the parties agreed that the Loan Agreement would be governed by and construed under the laws of the State of New York, and further, the parties agreed to the jurisdiction of the Courts located in the City and State of New York for all claims, disputes or disagreements arising out of the Loan Agreement.

20. The Loan Agreement was executed on November 11, 2009 by Plaintiff, by Flener, and by Luna and non-party Nelson Pereyra for L&B.

21. On November 12, 2009, Plaintiff transferred $115,000.00 from her personal bank account to L&B's bank account as instructed and directed by Luna.

22. Defendants failed, neglected or refused to make the Loan Repayment despite due demand therefor.

23. From December 2009 through February 2010, Luna represented to Plaintiff several times that although there were delays, the financing for the film was being obtained, and that Loan Repayment would be made to Plaintiff.

24. By written agreement dated February 19, 2010 (the "Termination Agreement") L&B and Indie purported to: (i) terminate the Financing Agreement; (ii) release each other from all claims arising under the Financing Agreement; and (iii) agreed to "return" $115,000.00 to L&B within 72 hours of the execution of the Termination Agreement.

25. Upon information and belief, Luna, on behalf of L&B, executed the Termination Agreement on February 19, 2010, and Indie executed the Termination Agreement on February 24, 2010.

26. Notwithstanding the purported return of $115,000 to L&B no later than February 28, 2010, Defendants have not thereafter made any payments whatsoever to Plaintiff.

## FIRST CLAIM FOR RELIEF
(Breach of Contract)

27. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 26 of this Complaint as if fully set forth herein.

28. Plaintiff has performed all of her obligations under the Loan Agreement.

29. Defendants' failure to pay Plaintiff the Repayment Amount constitutes a material breach of the Agreement.

30. As the major shareholder and officer of L&B, and the person causing and directing the acts and omissions of L&B complained of herein, Luna is liable for the damage caused to Plaintiff.

31. By reason of the foregoing, Plaintiff has been damaged in a sum, to be proved at trial, of no less than $300,000.00, plus interest accruing from the date of breach.

## SECOND CLAIM
(Fraudulent Inducement against Luna)

32. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 31 of this Complaint as if fully set forth herein.

33. When Luna made the Misrepresentations to Plaintiff on or about November 9, 2009, Luna knew that the terms of the Financing Agreement did not provide L&B with the ability to timely render the Repayment Amount to Plaintiff within thirty days.

34. When Luna made the Misrepresentations to Plaintiff on or about November 9, 2009, Luna knew that L&B did not need a short-term "bridge loan," but rather was required, pursuant to the terms of the Financing Agreement, to invest $115,000 into a production account, which monies were to be used to obtain a Standby Letter of Credit.

35. When Luna made the Misrepresentations to Plaintiff on or about November 9, 2009, Luna knew that the Financing Agreement required the mutual approval of L&B and Indie as to any production expenditures and would not permit L&B's immediate and unilateral distribution of $300,000 to Plaintiff.

36. By reason of the foregoing representations, acts and omissions of Luna hereinabove alleged, Luna has made numerous misrepresentations or material omissions of fact to Plaintiff, which were false, known by Luna to be false, and which were made by Luna for the purpose of inducing Plaintiff to provide $115,000 to L&B.

37. Plaintiff relied upon the Misrepresentations when she entered into the Loan Agreement and transferred $115,000 to the bank account designated by Luna.

38. By reason of Luna's fraudulent conduct, Plaintiff has been damaged, in an amount to be proved at trial.

39. By reason of Luna's fraudulent conduct, Plaintiff is entitled to an award of punitive damages.

### THIRD CLAIM FOR RELIEF
(Breach of Guarantee against Flener)

40. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 39 of this Complaint as if fully set forth herein.

41. Pursuant to paragraph 2 of the Loan Agreement, Flener agreed to secure and collateralize the Loan Amount.

42. L&B has failed, neglected or refused to render the Repayment Amount to Plaintiff.

43. By reason of the foregoing acts and omissions, Flener is liable to Plaintiff for the amount of the Loan Amount.

44. Flener has failed, neglected or refused to pay the Loan Amount to Plaintiff.

45. By reason of the foregoing, Plaintiff has been damaged in a sum, to be proved at trial, of no less than $115,000.00, plus interest.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court enter Judgment as follows:

A. On the First Claim for Relief, awarding Plaintiff no less than $300,000.00, plus interest, as damages against Defendants L&B and Luna, jointly and severally;

B. On the Second Claim for Relief, awarding Plaintiff no less than $115,000.00, plus interest, as compensatory damages, and no less than $500,000.00 as punitive damages, against Defendant Luna;

C. On the Third Claim for Relief, awarding Plaintiff no less than $115,000.00, plus interest, as damages against Defendant Flener;

D. Awarding Plaintiff the costs and disbursements of this action; and

E. Awarding Plaintiff such other and further relief as this Court may deem necessary, proper and equitable.

Dated: New York, New York
August 19, 2010

CAPLAN & ROSS, LLP

By: _____
Brian D. Caplan (BC-1713)
Jonathan J. Ross (JR-0581)
Attorneys for Plaintiff
270 Madison Avenue, 13th Floor
New York, New York 10016
(212) 973-2376